FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 26 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| DODY BUSH-RETHERFORD, | ) |
| Plaintiff, | ) |
| | ) 1·10-CV-0029 |
| v. | ) |
| | ) This case assigned to District Judge Wilson |
| BERLIN WHEELER, INC., | ) and to Magistrate Judge Young |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, BERLIN WHEELER, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DODY BUSH-RETHERFORD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Violet Hill, County of Izard, State of Arkansas.

1

5. BERLIN WHEELER, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Missouri.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around February 16, 2010, Miss Day, a duly authorized representative of Defendant, initiated a telephone call to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of the aforementioned telephone call, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

12. On or about February 17, 2010, Defendant initiated a telephone call to Plaintiff and stated that Plaintiff was required to pay Defendant for the debt she allegedly owed.

13. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant stated that it would only accept payment from Plaintiff via automated debit payments from a checking account.

14. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant stated that Plaintiff must set up the account and the automated payments by March 17, 2010. Defendant further stated that Plaintiff's failure to do so would result in Defendant filing a lawsuit against Plaintiff.

15. During the course of the aforementioned telephone call, Plaintiff advised Defendant that she could make payments against the debt she allegedly owed in the amount of $30.00 per month.

16. Defendant refused to accept said offer and advised Plaintiff that if she cannot pay any more she must get a loan to make payments to Defendant.

17. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant reiterated that if payment was not received by automated payment in the amount of $50.00 per month, it would initiate a lawsuit against her for the debt she allegedly owes.

18. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

19. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

20. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

22. During the course of the aforementioned telephone call, Defendant stated that if Plaintiff did not pay the debt she allegedly owed then Defendant would place a lien on Plaintiff's home.

23. During the course of the aforementioned telephone call, Defendant stated that if Plaintiff did not pay the debt she allegedly owed, Defendant would garnish Plaintiff's wages.

24. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

25. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

26. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

27. Since January of 2010, and on multiple occasions, Plaintiff has initiated telephone calls to Defendant and Defendant has intentionally disconnected the telephone calls after Plaintiff requested the identity of Defendant's duly authorized representatives.

28. On or about March 10, 2010, Hillary, a duly authorized representative of Defendant, initiated a telephone call to Plaintiff and failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

29. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of

       any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  e.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  f.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  g.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

  h.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  i.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

  a.  All actual compensatory damages suffered;

  b.  Statutory damages of $1,000.00;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DODY BUSH RETHERFORD**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: April 22, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor

Respectfully submitted,
**DODY BUSH-RETHERFORD**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: April 22, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us